**Charles W. SMITH, Plaintiff,**

v.

**Louis M. SULLIVAN, M.D., Secretary for the Department of Health and Human Services of the United States of America, Defendant.**

Nos. 89–1149, 89–1178.

United States District Court,
C.D. Illinois.

June 17, 1991.

Dawn A. Connolly, Galesburg, Ill., for plaintiff.

K. Tate Chambers, Asst. U.S. Atty., Peoria, Ill., for defendant.

## ORDER

MIHM, District Judge.

Before the Court is the Plaintiff's Motion for Summary Reversal and the Defendant's Motion for Summary Affirmance. For the reasons set forth below, the Plaintiff's Motion for Summary Reversal is denied and the Defendant's Motion for Summary Affirmance is granted.

## BACKGROUND

The Plaintiff Charles W. Smith ("Smith") filed for Supplemental Security Income on September 3, 1986. At the time he filed for this income he was living with a woman named Cindy Smith, although the two were not married and their same last name was merely coincidental. Smith's claim for Supplemental Security Income was initially denied on December 10, 1986, and this denial was affirmed on reconsideration on January 8, 1987. A hearing to review this determination was held before an Administrative Law Judge ("ALJ"), and on June 19, 1987, the ALJ entered a written decision holding that Smith was in fact disabled as of his September 3, 1986 application.

On August 4, 1987, the Secretary sent Smith a notice indicating that, pursuant to the ALJ's ruling, he was eligible for benefits as a disabled spouse. The letter also indicated that Cindy Smith's disability payments would be reduced to reflect her status as the spouse of an individual also receiving benefits.

On September 28, 1987, Smith requested reconsideration of this finding that he and Cindy Smith were eligible for benefits only as a married couple. On March 9, 1988, the Secretary issued a Notice of Reconsideration which affirmed the earlier finding that they were eligible only under spouse status. The Plaintiff and Cindy Smith filed a request for hearing on March 31, 1988, and a hearing was held before an ALJ on August 16, 1988. On November 8, 1988, the ALJ issued a ruling affirming the Secretary's decision to reduce the Plaintiff's and Cindy Smith's benefits. In so ruling, the ALJ found that the Plaintiff and Cindy Smith were conducting themselves as though they were married, and that they were therefore to be treated as though they were married for purposes of Social Security benefits. The Appeals Council denied Smith's request for review on April 18, 1989.

Smith then sought to challenge the Secretary's findings through the judicial system. In late June, 1989, Smith filed an action in the Circuit Court of Knox County *and* an appeal in this Court pursuant to 42 U.S.C. § 405(g). Smith's § 405(g) action in this Court was assigned civil docket number 89–1149. On August 9, 1989, the Secretary filed a Petition for Removal of the state court action. This removal action was assigned civil docket number 89–1178. Since the two separate actions were one and the same, the cases were consolidated and the briefing proceeded under the title of 89–1149. This order disposes of both actions.

## DISCUSSION

In his Motion for Summary Reversal, Smith argues two bases for reversing the ALJ's finding. First, Smith argues that the ALJ's factual determination that he and Cindy Smith were holding themselves out as married was unsupported and therefore erroneous. Second, Smith argues that the provisions which reduce benefits for those not actually married inflict an unconstitutional deprivation of due process and equal protection rights.

### I. *Statutory Provisions*

Congress and the Social Security Administration have determined that disability benefits payable to individuals will fluctuate depending upon that person's marital status. If that individual is married to (or the equivalent of married to) an individual of the opposite sex who is also receiving disability benefits, then that individual will receive less assistance. *See* 20 C.F.R. § 416.410; 20 C.F.R. § 416.410; 20 C.F.R. § 416.412. The purpose behind this reduction is "to take account of the fact that two people living together can live more economically than they would if each lived alone." H.R.Rep. No. 92–231, 92d Cong., 2d Sess., reprinted at 1972 U.S.Code Cong. & Ad.News 4989, 5136. Congress has determined that "if a man and woman are found to be holding themselves out to the community in which they reside as husband and wife," then they shall be considered as though they are married for purposes of Social Security benefits. 42 U.S.C. § 1382c(d)(2).

The regulations promulgated by the Social Security Administration which implemented the congressional statute determine that an individual who lives in the same household with an unrelated person of the opposite sex will be considered as married if the two individuals "both lead people to believe that [they] are husband and wife." 20 C.F.R. § 416.1806(c). In determining whether two individuals have so conducted themselves, the Secretary examines various factors listed at 20 C.F.R. § 416.1826(c)(1), such as names used, real property arrangements, and the couple's customary conduct with respect to their relationship. Individuals so classified as being constructively married can terminate this classification by no longer sharing a residence or by becoming the spouse of another person. 20 C.F.R. § 416.1830(a). Based upon these provisions, the ALJ determined that the Plaintiff and Cindy Smith were conducting themselves as a married couple and thus they were only entitled to reduced benefits.

### II. *ALJ Conclusion*

■ Smith first argues that the ALJ erred in concluding that he and Cindy Smith held themselves out to others as being married. Smith claims that the record contains "no valid evidence of holding out." Smith does not dispute that he and Cindy Smith are two unrelated persons of the opposite sex living together in the same household. However, as the Secretary noted in his Motion for Summary Affirmance, the ALJ had ample evidence in the record to support his conclusion that the Plaintiff and Cindy Smith were leading others to believe that they were married.

In his application for Supplemental Security Income filed on September 3, 1986, Smith checked a box designating that his type of claim was for a "couple." (AR 88). Smith also indicated on his application that he was married to Cindy Smith, although he did note that it was "not a ceremonial marriage." *Id.* Similarly, Cindy Smith's application for Supplemental Security Income indicated that she was married to Plaintiff and living with him. (AR 194). Cindy Smith's application stated that, although they were not legally married, she and the Plaintiff "do hold [them]selves out to the community as husband and wife." (AR 202).

In her Statement For Determining Continuing Eligibility for Supplemental Security Income Payments filed on April 11, 1986, Cindy Smith stated "Charles and I are not married. We hold ourselves out to the public as being married." (AR 221). When Smith filed anew the same document on behalf of Cindy Smith, he listed her present marital status as "married and liv-

ing with spouse." (AR 185). Further, when he filed a Request to be Selected as Payee on behalf of Cindy Smith, Plaintiff indicated that they had been living together as husband and wife and would continue to do so indefinitely. (AR 211).

Plaintiff and Cindy Smith did not only lead the Secretary to believe that they were husband and wife. During a visit to his doctor in 1986, Smith complained of chest pain and mentioned that it began when his wife delivered their first child stillborn during an emergency caesarean section. (AR 140). Cindy Smith likewise related to a treating physician that she and the Plaintiff were married. (AR 205–208).

Given all of these instances where the Plaintiff and Cindy Smith represented themselves as being married, the ALJ had substantial evidence in the record with which to conclude that they were leading others to believe that they were husband and wife. Accordingly, Smith's first contention that the ALJ's finding was erroneous is rejected.

### III. *Constitutionality of Reduced Benefits Scheme*

Smith also argues that, even if he and Cindy Smith were properly determined by the ALJ to be holding themselves out to others as married, the statutory and regulatory scheme which reduces their benefits is an unconstitutional violation of his due process and equal protection rights.

#### A. Due Process

■ Smith argues that the enactments which reduced benefits for couples holding themselves out as married provide "an irrebuttable presumption that a man and woman who hold themselves out as husband and wife are husband and wife for the purpose of receiving [disability] benefits." Plaintiff's Memorandum at p. 2. Smith argues that irrebuttable presumptions are unconstitutional and cites several Supreme Court opinions in support.

In this Court's view, Smith's argument on this point is flawed. The regulations at issue do not, as Smith suggests, create a presumption that a couple holding themselves out as married are in fact married. Instead, they determine that such couples will receive reduced benefits in the same manner as married couples because the justification for doing so is present in both situations. *See* H.R.Rep. No. 92–231, 92d Cong., 2d Sess., reprinted at 1972 U.S.Code Cong. & Ad.News 5136. The presumption here is not that such couples are in fact married—rather, the presumption, if any, is that couples living together as though they were married can pool their resources and therefore require less benefits than a disabled individual.

Viewed in this way, the "presumption" created by the regulations here is not condemned by the cases cited by Smith. In *United States Department of Agriculture v. Murry*, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973), the Supreme Court held that a provision in the Food Stamp Act of 1964, which determined that certain households were unworthy of food stamp benefits, was an unconstitutional denial of benefits because it was an irrational classification. 413 U.S. at 514, 93 S.Ct. at 2835–36. This decision does not mean that all benefits programs supplied by the government which make determinations about relative need among classes of individuals are unconstitutional. It simply held that a particular food stamp classification was invalid. Thus, the *Murry* decision is not controlling here.

The other cases cited by Smith also do not apply in this case. *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973) and *Stanley v. State of Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) involve situations where various benefits were withheld without giving the individual an opportunity to present his case for eligibility. This is not the situation presented here. Smith was afforded a hearing before an ALJ for the purpose of determining his eligibility for individual benefits. At that hearing, Smith was permitted to submit any evidence tending to show that he and Cindy Smith did not live as a married couple. *See* 20 C.F.R. § 416.1826(c). Having been given this opportunity, Smith's argument that his due

process rights were violated is without merit.

### B. *Equal Protection*

Smith also argues that the regulatory scheme violates the equal protection rights of unmarried couples. He contends that the regulations create a classification of unmarried heterosexual couples and treats them differently from other couples, namely married couples and homosexual couples living together. Smith notes that married couples, while they also receive reduced benefits during the marriage, are eligible for individual benefits as soon as they become divorced. However, according to Smith, unmarried but "holding out as married" couples must separate from the same household for more than six months before becoming eligible for individual benefits. In addition, Smith argues, homosexual couples who live together in the same way as unmarried heterosexual couples are not subject to the reduced benefits.

The equal protection clause essentially requires that persons similarly situated be treated alike. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Legislation may make classifications between persons similarly situated, however, if the classification is rationally related to a legitimate government interest. *Id.* at 440, 105 S.Ct. at 3254; *Ben–Shalom v. Marsh*, 881 F.2d 454, 463 (7th Cir.1989). This rationally related test is operative unless the classification involves a suspect class or infringes on a fundamental right. The classification based upon marital status does not involve a suspect class or a fundamental right. *See Califano v. Jobst*, 434 U.S. 47, 54, 98 S.Ct. 95, 99–100, 54 L.Ed.2d 228 (1977); *Lindley for Lindley v. Sullivan*, 889 F.2d 124, 129–32 (7th Cir. 1989).

■ Given the deferential standard of rational relationship to a legitimate government interest, the regulatory scheme at bar is valid. Congress has determined that the benefits payable to married couples or those living as a married couple should be less than the benefits paid to individuals to reflect the reduced cost of living. *See* H.R. Rep. No. 92–231, 92d Cong., 2d Sess., reprinted at 1972 U.S.Code Cong. & Ad.News 5136. This most certainly is rationally related to the government interest of providing disability benefits to those in need on an equitable basis. Additionally, the requirement that unmarried couples separate for six months before being deemed individuals, whereas married couples are deemed individuals as soon as they are legally divorced, is also related to the same government interest. The interest in both instances is determining when the relationship has ended, which in turn determines need for individual benefits. The six month waiting period is rationally related to this objective. While the termination of a legal marriage is determined on a certain date (i.e. divorce), the determination of a less-formal marriage is not so easily pinpointed. The six month separation gauge is certainly a rational one.

■ The fact that co-habitating homosexual couples are not subject to reduced benefits also does not deprive Smith of equal protection. Congress has determined that married couples and those living together as though married have an economic interdependence which permits reduced benefits. Congress did not determine that any two persons co-habitating have such an interdependence. Since homosexual couples cannot be legally married, they are excluded from this classification. The distinction cannot be said to be irrational. Accordingly, Smith's equal protection argument is without merit as well.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Reversal is DENIED, the Defendant's Motion for Summary Affirmance is GRANTED, and the Clerk of this Court is directed to enter judgment in favor of the Defendant and against the Plaintiff.