Charles W. SMITH, Plaintiff–Appellant,

v.

Donna E. SHALALA,* Secretary of the United States Department of Health and Human Services, Defendant–Appellee.

No. 91–3238.

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1993.

Decided Sept. 15, 1993.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(1), we have substituted Donna E. Shalala for her predecessor, Louis W. Sullivan, as Secretary of the Department of Health and Human Services.

Jerold S. Solovy, Laura A. Kaster, Avidan J. Stern (argued), Jenner & Block, Chicago, IL, for plaintiff-appellant.

Duane N. Bruce (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, IL, K. Tate Chambers, Asst. U.S. Atty., Office of the U.S. Atty., Peoria, IL, J. William Roberts, U.S. Atty., Office of the U.S. Atty., Springfield, IL, for defendant-appellee.

Before CUDAHY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

Charles Smith is a disabled man who was deemed married under 42 U.S.C. § 1382c(d)(2) to a disabled woman for purposes of supplemental social security income. This determination qualified them for benefits as an "eligible couple" rather than as "eligible individuals" and resulted in a reduction in the benefits that they received. Mr. Smith exhausted available administrative review and the district court affirmed the decision of an administrative law judge that there was sufficient evidence that Mr. Smith and his companion had held themselves out as married and thus were correctly awarded benefits as an eligible couple. The court also held that § 1382c(d)(2) and its corresponding regulations are constitutional. The district court granted summary judgment to the Sec-

retary and Mr. Smith appeals from that decision. For the reasons that follow, we affirm.

# I

## BACKGROUND

### A. *Facts*

Mr. Smith and his companion, Cindy Smith, live together but are not married. The fact that they have the same last name is simply happenstance. Both are severely disabled and unable to maintain gainful employment: Mr. Smith suffers from chronic arthritis with bone deterioration in his hips and joints; Cindy Smith has severe diabetes which has left her mentally retarded. Both Mr. Smith and Cindy Smith applied for and received social security benefits under Title XVI of the Social Security Act which provides supplemental security income (SSI) to disabled persons based on their indigence.

Under 20 C.F.R. §§ 416.410 and 416.412 (1993), the amount of benefits granted depends upon the marital status of the individuals seeking assistance. A lower rate than the rate to unmarried disabled individuals is applicable to a married couple in which both individuals are disabled. Under the regulations, an eligible couple together may receive $504 per month, while an eligible individual will receive $336 per month. 20 C.F.R. §§ 416.410, 416.412. Generally, the monthly amount of benefits allocated to an eligible couple is divided equally and paid separately to the two individuals. 20 C.F.R. § 416.502. Two disabled individuals are considered to be an eligible couple if they are married, are both eligible for benefits, and have lived in the same household as husband and wife within the past six months. 20 C.F.R. § 416.1802(b). The definition of "married," however, for SSI purposes is contained in 42 U.S.C. § 1382c(d):

> In determining whether two individuals are husband and wife for purposes of this subchapter, appropriate State law shall be applied; except that—
>
> . . . .
>
> (2) if a man and woman are found to be holding themselves out to the community in which they reside as husband and wife,

they shall be so considered for purposes of this subchapter notwithstanding any other provision of this section.

The corresponding regulations further note that a person will be considered to be a spouse for SSI purposes if

> [y]ou and an unrelated person of the opposite sex are living together in the same household at or after the time you apply for SSI benefits, and you both lead people to believe that you are husband and wife.

20 C.F.R. § 416.1806(c).

On August 4, 1987, after ascertaining that Mr. Smith was eligible for SSI benefits, the Department notified him that he was entitled to those benefits as an "eligible spouse." The notification of benefits received by Mr. Smith stated that he was classified as a disabled spouse for purposes of payment. Cindy Smith received a similar letter, dated August 5, 1987, that informed her that her benefits were being reduced and overpayments were being deducted because it had been determined that Charles Smith was her husband and that they had been living together since September 1986. Mr. Smith contested this classification and asserted that he and Cindy Smith had never been married. In the subsequent administrative review, the Secretary affirmed the classification. The ALJ held that Mr. Smith and Cindy Smith were deemed married for purposes of SSI benefits because they held themselves out to the community as husband and wife and had thus satisfied the criteria under 20 C.F.R. § 416.1806(c). The reduction in benefits, the ALJ ruled, was therefore proper.

After exhausting his administrative remedies, Mr. Smith appealed the classification to the district court and asserted that the "deemed married" provisions were unconstitutional. The court granted summary judgment to the Secretary and held that substantial evidence existed to support the Secretary's finding that Mr. Smith and Cindy Smith held themselves out as married to each other. *Smith v. Sullivan*, 767 F.Supp. 186, 189 (C.D.Ill.1991). The court listed numerous instances in support of this determination: in Mr. Smith's application for SSI benefits, he had indicated that he was married to Cindy Smith, although the application

noted that it was not a "ceremonial marriage"; Cindy Smith's application for SSI benefits specifically stated that, although she and Mr. Smith were not married, they did "hold themselves out to the community as husband and wife," 767 F.Supp. at 188; in refiling Cindy Smith's application, Mr. Smith listed her marital status as married and noted that she was living with her spouse; in applying to be selected as Cindy Smith's payee, Mr. Smith indicated that he and Cindy had been living together as man and wife and would continue the relationship indefinitely; in a visit to a hospital emergency room, Mr. Smith complained of chest pains and told the doctor that they had begun when his wife delivered their first child stillborn in an emergency procedure; and finally, in a psychological evaluation, Cindy Smith told the examiner that she and Mr. Smith were married. On the basis of all of this evidence, the district court determined that Mr. Smith and Cindy Smith had indeed held themselves out as husband and wife.

Additionally, the court held that the SSI "deemed married" provisions did not violate Mr. Smith's due process and equal protection rights and thus were not unconstitutional. Mr. Smith does not contest the district court's finding that he and Cindy Smith held themselves out as married; however, he does appeal the court's determination that the "deemed married" classification is constitutional.

## II

## ANALYSIS

### A. *Infringement of Fundamental Rights*

▉ Because Mr. Smith is not asking us to review his SSI marital classification and is seeking only a determination of the constitutionality of 42 U.S.C. § 1382c(d)(2) and its corresponding regulations, we exercise de novo review. *See Sequoia Books, Inc. v. Ingemunson,* 901 F.2d 630, 633 (7th Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). Mr. Smith contends that the "not legally married but deemed

married" classification under § 1382c(d)(2) infringes fundamental rights, most importantly, the freedom to choose to marry. Appellant's Br. at 17–19. He asserts that he and Cindy Smith have never wanted to marry and by dictating a marital status to their relationship, the statute interferes with their choice of familial living arrangements and with their right to marry. Mr. Smith contends that fundamental rights protected under the Constitution are at stake and that therefore the "deemed married" classification must be subject to the most demanding level of judicial review, strict scrutiny. *See, e.g., Zablocki v. Redhail,* 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978) (stating that right to marry is of fundamental importance); *Moore v. City of East Cleveland,* 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (stating that government intrusion on choices concerning family living arrangements is subjected to exacting scrutiny).

The Supreme Court has long made clear that the right to marry is a fundamental interest and that direct and substantial regulatory interference with the exercise of that right requires strict scrutiny. *Zablocki,* 434 U.S. at 383–85, 98 S.Ct. at 679–81. We do not believe, however, that the "deemed married" classification here at issue directly interferes with any fundamental right. The statute does not force Mr. Smith to marry Cindy Smith. Nor does it classify them as married for all legal purposes. It does not bar them from entering other intimate relationships because each is free to marry or to live with whomever they choose; the classification does nothing to abridge such choices. Thus, contrary to Mr. Smith's contentions, the statute does not eliminate a choice in living partners, nor does it pronounce that he and Cindy Smith are actually married. Instead, the statute merely deems them to be married for the purpose of calculating their social security benefits.[1]

▉ Additionally, we note that, in a similar case in which determination of dependency under the Social Security Act was based on the marital status of the claimant, the

---

**1.** Moreover, we note that this is not a permanent and indelible determination. An eligible couple who have held themselves out as husband and

wife will no longer be deemed married if they have been living apart for six full months. 20 C.F.R. § 416.1832(d).

Supreme Court rejected the argument that the rule directly interfered with an individual's freedom "to make a decision as important as marriage." *Califano v. Jobst,* 434 U.S. 47, 54, 98 S.Ct. 95, 99–100, 54 L.Ed.2d 228 (1977). The Court held that the rule premising dependency on the basis of marital status, "is not rendered invalid simply because some persons who might otherwise have married were deterred by the rule or because some who did marry were burdened thereby." *Id.* Moreover, in the context of finding constitutional a duration-of-relationship requirement imposed by the Social Security Act for purposes of benefits, the Supreme Court has also stated that

> [p]articularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as [Social Security], we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.

*Weinberger v. Salfi,* 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975) (quoting *Fleming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)); *accord Lindley for Lindley v. Sullivan,* 889 F.2d 124, 132–33 (7th Cir.1989). Because § 1382c(d)(2) and its corresponding regulations do not directly and substantially interfere with any constitutionally protected fundamental rights, we shall not subject the statutory classification to strict scrutiny.

B. *Rational Basis*

▪ Because this classification based on marital status does not involve a suspect class and does not impact a fundamental interest, we must examine it under the rational basis test. Therefore, we must determine whether the regulatory scheme bears a rational relationship to legitimate legislative goals. *See Califano,* 434 U.S. at 53–54, 98 S.Ct. at 99–100; *Weinberger,* 422 U.S. at 768, 95 S.Ct. at 2468; *Lindley,* 889 F.2d at 132.

Because the SSI framework is intended to provide benefits based upon financial need, Congress determined that married couples should receive lesser benefits; their need is not twice as great as if they were single.

Congress chose to provide a lesser rate of benefits to "eligible couples" than to two single individuals because it determined that, "two people living together can live more economically than they would if each lived alone." H.R.Rep. No. 231, 92d Cong., 2d Sess. 1548 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4989, 5136. Furthermore, the legislative history of the provision notes that the "deemed married" classification was created because

> [i]n the absence of such a provision in the assistance program, there would be a strong incentive for married couples to allege that they were not married (in order to get higher payments) and there would be a difficult, if not impossible, administrative burden of determining whether a marriage existed between two individuals alleging to be single (but who hold themselves out to be married).

*Id.* Thus, in addition to achieving the most efficient use of available funds, the goals of the classification are the prevention of fraud and the diminution of administrative burdens in eligibility assessment.

Mr. Smith contends that the "deemed married" classification is not rationally related to the asserted government interests. He argues that the distinction drawn by the statute is patently arbitrary and thus violates the Equal Protection Clause. The "holding out as married" provision entails its own administrative burden in that the Secretary must determine whether a man and woman are holding themselves out as married, and therefore Mr. Smith asserts that the statute actually undermines the congressional desire to ease administrative burdens. Furthermore, he notes that, if Congress meant to provide lower benefits because two people can live more cheaply than one, then the "deemed married" provision is underinclusive because same-sex couples who hold themselves out as married and opposite-sex couples who are merely housemates and do not hold themselves out as married, do not receive benefits at the lower "eligible couple" rate even though they presumably achieve the same economies of scale as do married couples.

■ None of Mr. Smith's contentions are persuasive. The Supreme Court has held that

> a noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status ... though of course Congress may not invidiously discriminate among such claimants on the basis of a "bare congressional desire to harm a politically unpopular group," *U.S. Dept. of Agriculture v. Moreno*, 413 U.S. 528, 534, 93 S.Ct. 2821, 2825–26, 37 L.Ed.2d 782 (1973), or on the basis of criteria which bear no rational relation to a legitimate legislative goal.

*Weinberger*, 422 U.S. at 772, 95 S.Ct. at 2470 (citations omitted). General rules are essential to the administration of social welfare benefits, *see Califano*, 434 U.S. at 53, 98 S.Ct. at 99, and such rules are not made unconstitutional simply because the classifications drawn by Congress to award those benefits are imperfect or are hewn somewhat roughly. *See Weinberger*, 422 U.S. at 777, 95 S.Ct. at 2472–73; *Dandridge v. Williams*, 397 U.S. 471, 485 (1970); *see also Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955) (stating that legislative classification may address part of a problem, neglecting others in the same area, and providing reform "one step at a time"). Thus,

> the question raised is not whether a statutory provision precisely filters out those, and only those, who are in the factual portion which generated the congressional concern reflected in the statute.... Nor is the question whether the provision filters out a substantial part of the class which caused congressional concern, or whether it filters out more members of the class than nonmembers. The question is whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule.

*Weinberger*, 422 U.S. at 777, 95 S.Ct. at 2472–73.

■ In assessing the constitutionality of § 1382c(d), it does not matter that the classification is underinclusive—that not *all* SSI-qualified individuals who live with another eligible individual are subjected to the lower benefits inherent in the "eligible couple" denomination. Furthermore, it is irrelevant that Congress has chosen the "holding out as married" provision to help lessen administrative burdens even though there may be other methods of determining need. *Id.*

It is sufficient that the classification is rationally related to the legitimate goals set forth by Congress. Congress has determined that two people can live together more cheaply than one and, therefore, in furthering the apportionment and distribution of supplemental security income and assessing the financial needs of potential claimants, has determined that marriage or "deemed marriage" is a reasonable indicator of economies of scale and a lowered cost of living. This is a reasonable classification much like that found in *Califano*. In that case, for purposes of secondary benefits received by a disabled dependent child, Congress eschewed individualized proof of dependency, instead electing to use marital status as an indicator of dependency, and the Court in *Califano* held that this method to determine benefits eligibility was constitutional. 434 U.S. at 52–53, 98 S.Ct. at 98–99. Similarly, Congress here has elected to use the "deemed married" provision as a signpost of financial need and to eliminate fraud and ease administrative burdens. Because the classification is rationally related to legitimate legislative goals and does not invidiously discriminate between claimants in order to harm a particular group, we hold that the statute is constitutional.

### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.