**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1098
_____

UNITED STATES OF AMERICA

v.

DERICK ANTONIO TAYLOR,
a/k/a Derrick Antonio Taylor,
a/k/a Derrell Travis,
a/k/a Wakil,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-09-cr-00567-001)
U.S. District Judge: Hon. R. Barclay Surrick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2023
_____

Before: SHWARTZ, BIBAS, and AMBRO, <u>Circuit Judges</u>.

(Filed: March 16, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Derick Taylor appeals his sentence for his firearms conviction. Because the District Court meaningfully considered all of his arguments and did not improperly consider his arrest record at sentencing, we will affirm.

I

Taylor was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). Taylor's original Presentence Investigation Report ("PSR") determined that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), due to his prior convictions for distribution of cocaine, third degree murder, and conspiracy to commit robbery. The PSR therefore recommended a United States Sentencing Guidelines ("U.S.S.G.") range of 188 to 235 months.[1] The District Court sentenced Taylor to 200 months' imprisonment and five years' supervised release.

In 2015, Taylor filed a pro se motion under 28 U.S.C. § 2255 to vacate his sentence because his conviction for conspiracy to commit robbery no longer qualified as a predicate offense for an enhanced sentence under the ACCA. The Government agreed, and the District Court granted Taylor's motion. The Probation Office provided a supplemental PSR, which recommended a Guideline range of sixty-three to seventy-eight months based on an offense level of twenty-two and a criminal history category of IV.

---

[1] The U.S.S.G. range was based on a total offense level of 33 and a criminal history category of IV.

At his resentencing, Taylor argued for a sentence of time served because he had been incarcerated for fourteen years on a state sentence for the same offense and a parole violation on a previous state sentence. Taylor also presented several mitigating factors, in particular (1) his rehabilitation efforts while in state prison, including his participation in a variety of educational, trade, and drug-treatment programs, and his limited access to such programs during his federal custody due to COVID-19 restrictions, (2) his limited number of violations while incarcerated, (3) his re-entry plan, including his plan to live with his fiancée, work at his friend's construction company, and eventually re-open his clothing store, (4) his personal circumstances, including that he had a stroke while incarcerated for which he received treatment, the death of his father, and his mother's loss of eyesight, and (5) that his prior criminal convictions occurred over twenty-five years before his resentencing.

The Government asked that the District Court impose an upward variance to the 120-month statutory maximum sentence. In response to Taylor's mitigation arguments, the Government noted that (1) his criminal history consisted of violent crimes of the type that Congress intended to be sentenced severely under the ACCA, and it was only as a result of his plea deal that he was convicted of conspiracy to commit robbery rather than robbery itself, (2) the District Court sentenced Taylor above the mandatory minimum at his first sentencing, and none of the circumstances that resulted in that sentence have changed, (3) the supplemental PSR indicated that Taylor had not been rehabilitated, as it showed that he was cited twice for prison infractions and that he had started but not

3

completed a drug-abuse education program and participated in no employment, educational, or vocational programs while in federal custody, and (4) Taylor's trial counsel's failure to request that his state and federal sentences be served concurrently does not support a sentence of time served, as there is no guarantee he would have received concurrent sentences nor is he entitled to a time credit under 18 U.S.C. § 3585(b). [2]

The District Court sentenced Taylor to ninety-six months' imprisonment and three years' supervised release. The Court explained:

> I have to impose a sentence that's obviously going to punish Mr. Taylor, to deter any kind of conduct like this happening again, to protect the public and to rehabilitate Mr. Taylor to the extent possible. In looking at the entire picture, it is somewhat concerning when you look at Mr. Taylor's history.
>
> He has six prior convictions, one for murder, one for conspiracy to commit robbery, one for simple assault. All of these are, obviously, crimes of violence. He has five -- Excuse me, four prior arrests for which he did not receive any sentence. What is also disturbing is the fact that while he was incarcerated, he violated the rules.
>
> So it's very concerning to have someone standing before me who has that kind of a background and is essentially asking to be released from prison at this point. In looking at the entire picture, I am going to impose a sentence on Mr. Taylor that is above the guideline range. I am not going to go as far as the government has requested, but I want to send a message to Mr. Taylor that this conduct is not going to be tolerated. I'm going to impose a sentence of 96 months. I think that's an eight-year sentence. I think it's appropriate in this situation. . . . [U]nder all the circumstances, I think that is a reasonable disposition to this matter.

---

[2] 18 U.S.C. § 3585(b)(1) requires that credit be given toward the service of a term of imprisonment for any time a defendant has spent in official detention prior to the date the sentence commences "as a result of the offense for which the sentence was imposed."

JA 67-68.  Taylor did not object at sentencing.

Taylor appeals.

II[3]

Taylor argues that the District Court's sentence is procedurally improper because it (1) failed to meaningfully address his mitigation arguments and (2) improperly considered his bare arrest record in determining his sentence.

A[4]

With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant factors under 18 U.S.C. § 3553(a).[5]  United States v. Gunter, 462

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[4] Where a defendant fails to preserve his objection to the procedural reasonableness of his sentence, we review for plain error.  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  Three conditions must be met to establish plain error: (1) there was an error; (2) that is clear or obvious; and (3) that affects the litigant's substantial rights.  United States v. Williams, 974 F.3d 320, 340 (3d Cir. 2020) (citing United States v. Olano, 507 U.S. 725, 732 (1993)).  If all three conditions are met, our Court has discretion to remedy the error, but "only if . . . 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  Id. (quoting Olano, 507 U.S. at 732).

[5] The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and

5

F.3d 237, 247 (3d Cir. 2006). Taylor does not contest the District Court's actions with respect to the first two steps. Rather, he argues that the District Court failed to meaningfully consider his mitigation arguments for a sentence below or within the applicable Guidelines range. We disagree.

The District Court "need not make findings as to each [§ 3553(a)] factor if the record otherwise makes clear that the court took the factors into account." United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007). However, "[a] district court 'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority'" regarding the § 3553(a) factors or other arguments. Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). In other words, "the district court must furnish an explanation

---

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement—
        (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress . . . and
        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

6

sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." United States v. Merced, 603 F.3d 203, 216 (3d Cir. 2010) (quotation marks omitted). The court need not "discuss every argument made by a litigant if an argument is clearly without merit. However, if a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court may not ignore it." Id. at 215 (citation omitted).

Here, the District Court considered the § 3553(a) factors and Taylor's arguments. First, the Court made clear that it considered the § 3553(a) factors by stating that it "ha[d] to impose a sentence that's obviously going to punish Mr. Taylor, to deter any kind of conduct like this happening again, to protect the public and to rehabilitate Mr. Taylor to the extent possible." JA 67. Punishment, deterrence, protecting the public, and rehabilitation are all sentencing factors that § 3553(a) requires a court to consider and the District Court's statement showed that it did.

Second, the District Court ensured that it heard Taylor's arguments, despite not having seen his resentencing memorandum before the hearing. Taylor argued that the following should result in a lower sentence: (1) his service of fourteen years of incarceration on state charges; (2) his rehabilitation efforts, his limited number of prison violations, and his re-entry plan; and (3) his family and personal circumstances, including the age of his convictions. The District Court addressed Taylor's time-credit argument, stating that, given Taylor's criminal history, it was "very concerning to have someone standing before me who has that kind of a background and is essentially asking to be

7

released from prison at this point." JA 67. Although the Court did not specifically address each of Taylor's rehabilitation efforts or expressly mention his medical and family circumstances, its statements make clear that it wanted to impose a sentence to "rehabilitate Mr. Taylor to the extent possible," and that it believed a significant sentence was needed because of his criminal history and prison conduct, stating that it was "disturbing" that "while [Taylor] was incarcerated, he violated the rules." JA 67. The Court further stated on the record multiple times that it was "looking at the entire picture," and that it thought the imposed sentence was "appropriate in this situation" and, "under all the circumstances, . . . [was] a reasonable disposition to this matter." JA 67-68. The Court's reasons therefore reflected meaningful consideration of the § 3553(a) factors and Taylor's arguments. United States v. Tomko, 562 F.3d 558, 568-69 & 569 n.8 (3d Cir. 2009) (en banc) (holding that the district court sufficiently considered the § 3553(a) factors and the parties' arguments where it stated the sentence imposed "address[ed] the sentencing goals of punishment, deterrence and rehabilitation," and that it took "all the[] [§ 3553(a)] factors into account," after hearing the Government's argument regarding general deterrence (emphasis omitted)). Thus, the District Court did not commit plain error in its consideration of Taylor's mitigation arguments.

B

The District Court also did not improperly rely on Taylor's bare arrest record when imposing its sentence. "[I]n determining a sentence, although a court can mention a defendant's record of prior arrests that did not lead to conviction, it cannot rely on such

8

a record." United States v. Mitchell, 944 F.3d 116, 120 (3d Cir. 2019); see also United States v. Berry, 553 F.3d 273, 284 (3d Cir. 2009) ("[A] bare arrest record—without more—does not justify an assumption that a defendant has committed other crimes and it therefore can not support increasing his/her sentence in the absence of adequate proof of criminal activity."); United States v. Mateo-Medina, 845 F.3d 546, 551-52 (3d Cir. 2017) (holding that the district court plainly erred where it considered and relied on a misstated record of prior arrests when sentencing the defendant). We cannot, however, "infer . . . reliance from any reference to bare arrests, without considering the full context of the reference." United States v. Ferguson, 876 F.3d 512, 516 (3d Cir. 2017).

The District Court mentioned Taylor's prior arrests in its discussion of Taylor's criminal history but did so "without emphasis or reliance." Id. at 517. The Court's emphasis was on the violent nature of the crimes for which Taylor was convicted and his violations of prison rules. Its statement that Taylor's criminal history established an "entire picture" that was "somewhat concerning," JA 67, was therefore "accurate regardless of the arrests," Ferguson, 876 F.3d at 517. Furthermore, the Court did not "identif[y] [Taylor's] extensive criminal history as the sole justification for his sentence," Mitchell, 944 F.3d at 122 (quotation marks omitted), but rather indicated that its sentence was based on all of the circumstances, as well as the need for punishment, deterrence, protection of the public, and rehabilitation. Thus, because the Court's mention of the arrests in this case was not "central to the sentencing decision[]," Ferguson, 876 F.3d at 517, its reference to Taylor's arrests was not error.

9

## III

For the foregoing reasons, we will affirm.