**MATRKA et al., Appellees,**

**v.**

**STEPHENS, Appellant, et al.**

[Cite as *Matrka v. Stephens* (1991), 77 Ohio App.3d 518.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–451.

Decided Oct. 1, 1991.

*Vorys, Sater, Seymour & Pease, Steven W. Mershon* and *James E. Arnold,* for appellees.

*Patrick A.T. West,* for appellant.

BOWMAN, Presiding Judge.

Defendant-appellant, Larry P. Stephens ("Stephens"), appeals from a judgment by the Franklin County Court of Common Pleas which denied his Civ.R. 60(B) motion for relief from a judgment rendered against him on a cognovit note. Plaintiffs-appellees, Paul J. and Barbara K. Matrka ("the Matrkas"), have filed a motion to dismiss Stephens' appeal on the grounds that the denial of his Civ.R. 60(B) motion was not a final appealable order.

Although appellant failed to respond to the motion to dismiss and his brief fails to address the issue of whether the trial court's October 23, 1990 nunc pro tunc entry which found in favor of the Matrkas on the cognovit note was a final appealable order, this issue was raised during oral argument, and the parties have made arguments and, thus, we find that ample opportunity has been given to address the question of the appealability of the confession of judgment. App.R. 12(A).

The facts as set forth in the briefs indicate that, in August 1987, the County Savings Bank ("bank") loaned $250,000 to Stephens, his wife Claudia Stephens, the Matrkas, Wendell L. Kessler and Claire Kessler, the Ohio Fisherman Publishing Company, Inc., and the Great Lakes Fisherman Publishing Company, Inc., in exchange for which the borrowers executed a cognovit note. In October 1990, the Matrkas entered into an agreement characterized as a loan purchase agreement, whereby the bank apparently sold the note to the Matrkas for $234,846.20. The Matrkas then instituted an action against the comakers for judgment on the cognovit note and various other monies claimed to be owed by the other parties.

The Matrkas' eleven-count complaint named the Stephenses, the Kesslers and both publishing companies. The complaint primarily sought judgment on the cognovit note, charging that the $245,218.04 balance, plus interest, must be paid to the Matrkas by the defendants. In addition, the Matrkas sought foreclosure on the Kessler home, which had been mortgaged as collateral for

the cognovit note, judgment against the Stephenses through their guarantor for the amount owed on the note, and named numerous other sources of judgment against the Stephenses.

On October 23, 1990, the trial court issued judgment against the defendants on the cognovit note amount, using Civ.R. 54(B) language. In December 1990, Stephens filed a Civ.R. 60(B) motion requesting an oral hearing on the grounds that, as comakers, the Matrkas had paid off the note rather than purchased it and, at most, could recover appellant's proportionate share of the debt. The trial court denied the Civ.R. 60(B) motion, but did not use Civ.R. 54(B) language.

Stephens then filed this appeal, assigning the following as error:

"1. The trial court erred in overruling defendant-appellant's motion for relief from judgment without affording defendant-appellant the oral hearing he twice requested to present evidence to support the motion.

"2. The trial court erred in overruling the motion of defendant-appellant for relief from cognovit judgment."

The Matrkas' motion to dismiss counters that the ruling on the Civ.R. 60(B) motion failed to meet statutory requirements for being a final appealable order since it lacked Civ.R. 54(B) language.

Although, as a rule, a judgment overruling a Civ.R. 60(B) motion is a final appealable order, *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 245, 18 O.O.3d 442, 443, 416 N.E.2d 605, 606, in this instance we must determine whether the underlying order from which Stephens sought relief was a final appealable order, since a party may seek Civ.R. 60(B) relief only from a final judgment, *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 78, 20 OBR 407, 408, 486 N.E.2d 99, 100.

In *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, and again in *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus, the Ohio Supreme Court held that an order adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of both Civ.R. 54(B) and R.C. 2505.02 in order to constitute a final appealable order. The court additionally stated in *Noble* that "the mere incantation of the required [Civ.R. 54(B)] language does not turn an otherwise non-final order into a final appealable order. * * *" *Noble*, 44 Ohio St.3d at 96, 540 N.E.2d at 1385; see, also, *Chef Italiano*, 44 Ohio St.3d at 89, 541 N.E.2d at 68.

Civ.R. 54(B) provides as follows:

"(B) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim,

counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

R.C. 2505.02 provides, in part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

Thus, the *nunc pro tunc* entry granting the Matrkas judgment on the cognovit note was a final appealable order only if it complied with both provisions. Turning our attention to the original complaint filed by the Matrkas, we find that several of the counts not addressed by the trial court's entry applied to the Stephenses as parties and related directly to issues and property designated in the count upon which the court did rule. Counts III and IV, in particular, are facially relevant to the cognovit note and the underlying $250,000 debt, since those counts relate to First Security's guaranty of the Stephenses' investment and the security interest granted the bank in thirty percent of the First Security stock they owned. Moreover, Count II involved a foreclosure action on the Kesslers' home, which had been mortgaged as collateral for the $250,000 debt.

Finally, the record indicates that, on December 24, 1990, Stephens filed a counterclaim alleging that Paul Matrka had failed to perform his fiduciary duty pursuant to a partnership agreement between Matrka and Stephens, and seeking dismissal of the complaint, a formal accounting of partnership affairs, and damages.

The trial court's judgment on the cognovit note did not completely determine the Matrkas' action against Stephens, or Stephens' counterclaim against Paul Matrka, because these claims remained outstanding. In addition, the Matrkas were not prevented from obtaining a judgment against the Stephenses and the Kesslers on the Matrkas' claims. Therefore, even though the trial court included Civ.R. 54(B) language, the requirements of R.C. 2505.02 were not met and the judgment on the cognovit note was an interlocutory, rather than a final, order. Hence, Civ.R. 60(B) relief is not appropriate, nor can

appellant seek to enforce his judgment on the note. See *Chef Italiano, supra,* 44 Ohio St.3d at 89, 541 N.E.2d at 68.

Because this court only has jurisdiction to entertain appeals from final orders of the trial court, we must dismiss Stephens' appeal as not having derived from a final appealable order. R.C. 2505.03.

*Appeal dismissed.*

STRAUSBAUGH, J., concurs.

WHITESIDE, J. dissents.

WHITESIDE, Judge, dissenting.

The majority opinion is predicated in large measure in reliance upon the language in the opinion of *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Only *two* justices of the Supreme Court concurred in the opinion of *Chef Italiano,* although two others did concur in the syllabus and judgment. One of the two justices who concurred in the opinion, Justice H. Brown, begins his concurrence with the statement that "I agree with the analysis set forth by Chief Justice Moyer in his dissent and do not believe that this appeal should have been dismissed for want of a final appealable order," *id.* at 90, 541 N.E.2d at 69, and concludes with the statement that "I concur in the judgment solely because it essentially achieves the same result as I would have reached had we decided the case on its merits, * * * " *id.* at 91, 541 N.E.2d at 70. One other justice concurred "in judgment only."

Accordingly, this court should not rely upon the somewhat obtuse language of the opinion of *Chef Italiano* because a majority of the justices did not concur therein. At least as many justices concurred in the analysis of the dissent by the Chief Justice as to why the judgment appealed from in *Chef Italiano* was a final appealable order.

Thus, the holding in *Chef Italiano* can be just as appropriately stated, as set forth in the dissent:

"Under Civ.R. 54(B) the order of the trial court does not need to determine the action, but only one or more of the multiple claims within the action, to be appealable." *Id.* at 91, 541 N.E.2d at 70 (Moyer, C.J., dissenting).

The companion case, *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, decided the same day as *Chef Italiano,* sets forth a slightly different (but not inconsistent) syllabus as follows:

"An *order* which adjudicates *one or more* but fewer than all the *claims* or the *rights* and liabilities *of fewer than all* the parties must meet the require-

ments of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." (Emphasis added.)

Four justices concurred in the opinion, five concurred in the syllabus and two concurred only in the judgment. *Noble* appears to follow the analysis of the *Chef Italiano* dissent set forth above. However, two justices wrote concurring opinions predicated upon the same reasoning as the "lead" opinion in *Chef Italiano. Noble* involved a bifurcated trial in which the liability issues of contributory negligence or negligent entrustment were "reserved for further proceedings." The Supreme Court found the requirements of R.C. 2505.02 not to be met since liability had not been finally determined.

An analysis of the two cases indicates that a majority of the Supreme Court has rejected the argument of the "lead" opinion in *Chef Italiano* that, for Civ.R. 54(B) to apply, the claims must be entirely separate and distinct from each other and not arise from the same circumstances.

The underlying judgment from which the Civ.R. 60(B) motion seeks relief was entered October 23, 1990 by confession, by authority of a warrant of attorney contained in a cognovit note. Such entry enters a personal judgment against appellant in the amount of $245,218.04, plus interest and " * * * expressly determines that there is no just reason for delay in the enforcement of this judgment entry."

As to that claim, a personal money judgment upon the note, appellant cannot prevail in any further proceedings. The majority herein refers to other separate (although related) claims still pending in reliance upon the view of the "lead" opinion in *Chef Italiano,* which view and reasoning have yet to be adopted by a majority of the Supreme Court. Rather, the majority of the Supreme Court appears to follow the view set forth in the above-quoted language from the dissenting opinion: that an order need not determine all related claims but, instead, need determine only one of the separate claims in order to meet the requirements of R.C. 2505.02.

Here, one claim, that appellant owes $245,000, has been finally determined by the judgment. The foreclosure claim is merely a form of enforcing the over $245,000 cognovit judgment. The only way that appellant can avoid the consequences of the cognovit judgment is for it to be fully paid from other sources.

The majority correctly states that the cognovit judgment "did not completely determine the Matrkas' action against Stephens," and that "the Matrkas were not prevented from obtaining a judgment against the Stephenses and the Kesslers" on other claims.

While true, that is not the R.C. 2505.02 test. Rather, the case must be viewed from the perspective of the *party against whom* judgment has been

entered rather than from that of the party *in whose favor* judgment is entered. In light of the cognovit judgment, there is no way appellant can prevail in the action. Appellant must pay that sum which is now finally fixed even for foreclosure purposes. A mortgage is merely security for a debt and is not the debt itself. Although a mortgage is dependent upon the validity of the debt for its existence, the debt is not affected by any invalidity of the mortgage. Similarly, even if the mortgage be foreclosed and the property sold, appellant would remain liable upon the judgment upon the cognovit note for any remaining amount due. Judgment upon the claim for personal judgment on the note is proper prior to proceeding upon the claim for foreclosure. See *Simon v. Union Trust Co.* (1933), 126 Ohio St. 346, 185 N.E. 425, at paragraph four of the syllabus.

As explained in the opinion of *State ex rel. Squire v. Pejsa* (1947), 148 Ohio St. 1, 5, 72 N.E.2d 374, 376:

" * * * The judgment creditor might have attempted to collect the personal judgment without resort to the mortgaged property, or he might have had such property sold, with the application of the proceeds of sale for the purpose of reducing or satisfying the personal judgment."

In any event, the personal judgment upon the cognovit note is a separate claim from the claim for foreclosure, which is merely one method of satisfying (or paying) the personal judgment upon the note.

Accordingly, I would find the order appealed from to be a final appealable order since the underlying judgment upon the cognovit note was made final by the inclusion of the required Civ.R. 54(B) finding of no just reason for delay.