OPINION
This is an accelerated appeal taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Robert E. Gibbs, appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment.
In 1994, appellees, the Concord Township Trustees and Russell D. Schaedlich, instituted a statutory action for injunctive relief under R.C. 519.24.[1] Pursuant to their complaint, appellees asked the trial court to order appellant and Hazelwood Builders, Inc. ("Hazelwood") to bring a residential structure into compliance with the Concord Township Zoning Resolutions. The property in question was titled in Hazelwood's company name. Appellant was named in the complaint as a defendant by virtue of his status as a corporate officer. The complaint alleged that appellant and Hazelwood were committing a twofold violation of the local zoning ordinances: (1) engaging in a construction project without the requisite permit; and (2) constructing two additions to the structure which failed to conform to the mandatory side yard set-back requirement of fifteen feet.
Following a bench trial and the submission of briefs by the parties, the trial court issued a judgment on April 23, 1996 granting injunctive relief to appellees. In this entry, the trial court ordered that appellant and Hazelwood were permanently enjoined from continuing the construction of the additions to the residence until they obtained the required zoning permit. The trial court also decreed that appellant and Hazelwood had to abate the other zoning code violation by removing those portions of the dwelling which violated the side yard setback requirement.
Appellant and Hazelwood filed an appeal from that judgment. In Concord Twp. Trustees v. Hazelwood Builders, Inc. (May 16, 1997), Lake App. No. 96-L-075, unreported, 1997 WL 286205 ("Concord I"), this court affirmed the judgment of the trial court for the reasons stated therein.[2] Appellant and Hazelwood appealed to the Supreme Court of Ohio, which declined to exercise jurisdiction over the matter.
Thereafter, appellant and Hazelwood continued their recalcitrant ways by refusing to apply for the zoning permit and by not taking any steps to comply with the side yard set-back requirement. As a result, appellees filed a motion to show cause in October 1997. Pursuant to this motion, appellees requested that appellant and Hazelwood be commanded to appear before the trial court in order to show cause as to why they should not be held in contempt of court for failure to comply with the April 23, 1996 order.
Following a hearing, the trial court found appellant and Hazelwood to be in contempt of court in a judgment entry dated April 15, 1998. The contempt was based on their failure to abide by the provisions of the April 23, 1996 injunction. The decree, however, included language affording appellant and Hazelwood the opportunity to purge themselves of the contempt by correcting their violations of the previous order within ninety days of the April 15, 1998 entry. In the event that the contempt was not purged on or before the expiration of the ninety days, the trial court ordered that appellant and Hazelwood be fined $5,000, plus an additional $100 for each day that the violations remained unameliorated.
Appellant and Hazelwood filed two different notices of appeal from this judgment. The first notice of appeal was filed on May 14, 1998, while the second was submitted on August 13, 1998. This court dismissed both appeals. See Concord Twp. Trustees v.Hazelwood Builders, Inc. (Aug. 14, 1998), Lake App. No. 98-L-110, unreported ("Concord II"); Concord Twp. Trustees v. HazelwoodBuilders, Inc. (Dec. 4, 1998), Lake App. No. 98-L-176, unreported ("Concord III"). The appeal in Concord II was dismissed for lack of a final appealable order given that a contempt citation is not final if it only imposes a conditional sanction coupled with an opportunity to purge the contempt. The appeal in Concord III was dismissed for lack of a final appealable order based on the same reasoning. In addition, the appeal in Concord III was also dismissed for not being timely filed pursuant to App.R. 3(A) and 4(A) and for being duplicitous.
Prior to the dismissal of the appeal in either Concord II orConcord III, however, appellant filed a motion in the trial court on July 15, 1998 in which he requested that the court grant him relief from judgment pursuant to Civ.R. 60(B)(4) and (5). Specifically, appellant sought relief from both the April 23, 1996 and April 15, 1998 orders that had been previously entered against him. The motion was brought by appellant only; Hazelwood was not a moving party.
The basis for the Civ.R. 60(B) motion was the fact that Hazelwood had filed a petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio in June 1998. Consequently, appellant argued that he no longer had any decision-making authority regarding the operation of the corporation. Moreover, appellant also maintained that the residential structure at the heart of the zoning controversy was now within the exclusive control of the bankruptcy trustee.
At the time appellant filed the Civ.R. 60(B) motion, this court had jurisdiction over the case by virtue of the notice of appeal in Concord II. Given this, we remanded the matter to the trial court for the purpose of ruling on the motion for relief from judgment.
On remand, the trial court denied the motion by judgment entry on October 16, 1998. In doing so, the trial court concluded that "[a]ny motion for relief is premature until such time as relief in the bankruptcy filing of Hazelwood Builders, Inc. is granted."
From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error:
 "[1.] The trial court abused its discretion and erred to the defendant's prejudice in denying defendant's motion for relief from judgment pursuant to Civ.R. 60(B)(4).
 "[2.] The trial court abused its discretion and erred to the defendant's prejudice in denying defendant's motion for relief from judgment pursuant to Civ.R. 60(B)(5).
 "[3.] The trial court erred to the defendant's prejudice in denying defendant's motion for relief from judgment without affording defendant a hearing."
Before addressing the merits of the assigned errors, an observation is in order regarding the appealability of the trial court's October 16, 1998 judgment. Under Ohio law, a court of appeals may review only the final orders of inferior courts within its district. Section3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; R.C. 2505.03. The scope of what constitutes a "final order" is defined by R.C. 2505.02. If there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction.
As a general matter, an order granting or denying a Civ.R. 60(B) motion is a final judgment under R.C. 2505.02. There are, however, exceptions to this general rule. One such exception that is relevant in this case relates to the finality of the underlying order to which the Civ.R. 60(B) motion was directed. By rule, "the court may relieve a party or his legal representative from afinal judgment, order or proceeding[.]" (Emphasis added.) Civ.R. 60(B). If an order is not final, then it is not subject to motion under Civ.R. 60(B) pursuant to the express language of the rule.
The grant or denial of a Civ.R. 60(B) motion, therefore, is not a final appealable order if the motion requested the trial court to grant relief from a judgment lacking finality. See,e.g., Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, syllabus; Lee v. Joseph Horne Co., Inc. (1995), 99 Ohio App.3d 319,323; Matrka v. Stephens (1991), 77 Ohio App.3d 518,520. In such a situation, the trial court's judgment with respect to the Civ.R. 60(B) motion would itself be an interlocutory order.
In the present appeal, appellant's Civ.R. 60(B) motion requested the trial court to grant him relief from two different judgments: (1) the April 23, 1996 order granting injunctive relief to appellees; and (2) the April 15, 1998 entry finding appellant and Hazelwood to be in contempt of court. The former was a final appealable order, but the latter was not. Indeed, as explained above, appellant and Hazelwood filed two notices of appeal from the April 15, 1998 contempt decree which this court promptly dismissed for want of a final appealable order. SeeConcord II and Concord III.
Thus, to the extent that appellant requested relief from the April 23, 1996 judgment, the trial court's denial of the motion is a final appealable order. However, to the extent that appellant sought relief from the April 15, 1998 judgment, the trial court's decision is not appealable because the underlying decree (i.e., the finding of contempt) was itself not a final order. Hence, we will limit our analysis solely to whether the trial court erred in denying appellant relief from the April 23, 1996 judgment.
As described previously, this judgment took the form of an injunction by which appellant and Hazelwood were permanently enjoined from constructing any further additions to the residence in question without first obtaining the proper permit. The order also stipulated that appellant and Hazelwood had to bring the dwelling into compliance with the side yard setback requirement.
Civ.R. 60(B) enumerates several grounds upon which relief from final judgments and orders may be granted. It provides in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
In order to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus; Ursetti v. Omlin (Dec. 11, 1998), Lake App. No. 97-L-287, unreported, at 5, 1998 WL 964550. The moving party must satisfy all three prongs of the test in order to prevail. Argo Plastic Prod. Co. v.Cleveland (1984), 15 Ohio St.3d 389, 391; Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351.
The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. The trial court's ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. Id.; Moore v. Emmanuel Family Training Ctr., Inc.
(1985), 18 Ohio St.3d 64, 66.
In the instant matter, appellant primarily sought relief from judgment pursuant to the language in Civ.R. 60(B)(4) to the effect that "it is no longer equitable that the judgment should have prospective application[.]" From appellant's perspective, it could not possibly be equitable to subject him to the continued operation of the trial court's prior judgment mandating extensive remedial work to the home in order to bring it into compliance with the Concord Township Zoning Resolutions because he no longer has any control over the structure subsequent to Hazelwood's filing of the bankruptcy petition. As a secondary ground for the motion, appellant relied upon the catch-all language of "any other reason justifying relief from the judgment" in Civ.R. 60(B)(5).
With regard to the bankruptcy petition issue, the mere filing of such a petition, or even the granting of it, will not preclude a state governmental unit from enforcing its police or regulatory power over a piece of property. Cournoyer v. Lincoln (C.A.1, 1986), 790 F.2d 971, 974; Penn Terra Ltd. v. Dept. ofEnvironmental Resources, Commonwealth of Pennsylvania (C.A.3, 1984), 733 F.2d 267, 272. Indeed, the ability of such a governmental unit to enforce its police or regulatory power over property placed into the province of the bankruptcy court arises from the fact that the automatic stay provisions of the bankruptcy code are currently subject to an exemption. Friends of theSakonnet v. Dutra (1991), 125 B.R. 69, 71; Cournoyer,790 F.2d at 974-975; Penn, 733 F.2d at 272. The exemption is found in11 U.S.C. § 362(b)(4), which states:
 "(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) * * * does not operate as a stay
"* * *
 "(4) * * * of the commencement or continuation of an action or proceeding by a governmental unit * * * to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.] * * *"
 In Cournoyer, the debtor/appellant filed a complaint seeking to enjoin the town of Lincoln from removing and disposing of automotive parts and scrap metal from the salvage yard maintained by the debtor in violation of the local zoning law on the basis that the local courts possessed no power over the property since it was in bankruptcy. The United States First Circuit Court of Appeals held that the automatic stay exemptions contained in 11 U.S.C. § 362(b)(4) and (5)[3] provided the town of Lincoln with the power to enforce its zoning regulations because the enforcement of a zoning regulation was a regulatory or police power and a town is a governmental unit. Cournoyer, 790 F.2d at 974-975.
The facts of the instant matter are similar to those inCournoyer since the debtor in that case and appellant in this case were in violation of the local zoning laws. Moreover, theCournoyer court held that the enforcement of zoning laws fell within the statutory exceptions to the automatic stay provision since that is the exercise of a police or regulatory power. The facts also parallel each other because the party seeking compliance with the zoning ordinance is a town, which theCournoyer court unequivocally stated was a governmental unit. Accordingly, even if the bankruptcy petition in this matter had been granted when the contempt order was issued by the lower court, appellees could properly have sought enforcement of the zoning ordinance which appellant had violated.
Alternatively, if a debtor in the bankruptcy court desires to apply the automatic stay provisions of the bankruptcy code to property that is subject to the exception contained in 11 U.S.C. § 362
(b)(4), then he or she must seek injunctive relief under11 U.S.C. § 105. In re ORFA Corp. of Philadelphia (1994), 170 B.R. 257,267. Importantly, the relief under section 105(a) is neither automatic nor may it be applied by the court sua sponte. Id.
"In order to qualify for the relief available under § 105(a), the movant must properly apply for such injunctive relief in accordance with the procedures set forth in Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65 and must satisfy the applicable standards for injunctive relief." Id. In this matter, appellant failed to seek injunctive relief pursuant to the power vested with the bankruptcy court under section 105.
In order to support any Civ.R. 60(B) motion, the moving party must present "operative facts" that tend to establish the timeliness of the motion, the existence of a meritorious defense or claim, and the ground(s) for relief. Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 66; Taaffe v. Taaffe (Dec. 26, 1997), Trumbull App. No. 96-T-5616, unreported, at 5, 1997 WL 799501. The operative facts can be set forth in testimonial documents such as affidavits, depositions, and interrogatories. The movant "may not rely merely on conclusions of law, but rather must set forth such operative facts." Taaffe, 1997 WL 799501, at 5.
In the case sub judice, appellant attached an affidavit to his motion for relief from judgment. In this affidavit, he averred that he personally had no ownership interest in the subject premises, that Hazelwood was the sole owner of the property, that Hazelwood had filed for bankruptcy in June 1998, and that a bankruptcy trustee had been appointed to oversee the corporation's assets, including the residence. Based on this, appellant maintained that he no longer had any authority to take any action with respect to the correction of the zoning violations associated with the property. In support of his position, appellant cited several provisions of the federal bankruptcy code as purportedly standing for the proposition that all legal and equitable interests in property belonging to the debtor corporation (i.e., Hazelwood) had been surrendered to the bankruptcy trustee. Thus, appellant contended that he had met his burden of demonstrating operative facts which justified relief from judgment under both Civ.R. 60(B)(4) and (5).
Upon review, we perceive no abuse of discretion by the trial court in denying appellant's Civ.R. 60(B) motion as it related to the April 23, 1996 judgment. As indicated previously, the trial court overruled appellant's request to be relieved from the effect of this order primarily because the court adjudged the motion to be premature. Given Hazelwood's pending bankruptcy petition, the trial court opted to await the outcome of that legal proceeding.
It is axiomatic that the term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Fleegle v. Funtime, Inc. (Sept. 30, 1999), Geauga App. No. 98-G-2158, unreported, at 6, 1999 WL 960575. See, also, Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219; Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. In the instant matter, the trial court's decision to overrule the motion pending the outcome of the bankruptcy proceeding was hardly unreasonable or unconscionable.
Beyond the prematurity of the request, there were other grounds upon which to deny appellant's motion for relief from judgment. It is apparent that over two years elapsed from the entry of the original injunction on April 23, 1996 through Hazelwood's filing for bankruptcy in June 1998. During this interval, appellant had more than ample opportunity to comply with the trial court's orders, to wit: apply for and obtain the required zoning permit and remove those additions to the residence which violated the side yard set-back requirement. Despite the significant lapse of time, appellant and Hazelwood seemingly took no steps whatsoever to comply with the Concord Township zoning code per the trial court's orders, but rather engaged in protracted litigation as a stalling tactic.
Moreover, appellant seems most concerned about the possibility that he might actually face sanctions for contempt of court based on the continuing failure to abide by the trial court's previous orders. This is evidenced by the fact that Hazelwood almost immediately filed for bankruptcy in the wake of the trial court's April 16, 1998 finding of contempt, while appellant simultaneously sought relief from the contempt citation. As was explained earlier, however, appellant's attempt to seek relief from the contempt decree is premature because the underlying order is not yet appealable.
In light of this, we do not believe that the trial court abused its discretion by denying appellant's motion for relief from the April 23, 1996 judgment. We see no reason why appellant should be absolved from falling within the continuing purview of this valid judgment. The first and second assignments are without merit.
In his third assignment of error, appellant claims that the trial court abused its discretion by denying the Civ.R. 60(B) motion without first affording him a hearing. From the record, it does appear that the trial court denied the motion based on the arguments presented in the parties' respective filings in support of and opposition to the motion.
The movant does not have an automatic right to a hearing on a motion for relief from judgment. Hrabak v. Collins (1995),108 Ohio App.3d 117, 121; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103. There is nothing in the language of Civ.R. 60(B) to suggest that the trial court is required to grant a hearing. Rather, the decision on whether to conduct a hearing falls within the sound discretion of the trial court.
The movant is entitled to an evidentiary hearing on a Civ.R. 60(B) motion where the motion and attached materials contain allegations of operative facts which would warrant relief from judgment. Hill v. Briggs (1996), 111 Ohio App.3d 405, 411. In such a situation, the trial court abuses its discretion by denying a hearing where grounds for relief from judgment are sufficiently alleged and supported with attached materials. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19. Therefore, if the movant submits materials containing allegations of operative facts demonstrating that relief from judgment may be warranted, then the trial court should grant a hearing in order to take evidence by which such asserted facts can either be verified or discredited.Gaines Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf and RockCo., L.P.A. (1990), 70 Ohio App.3d 643, 646.
In the present matter, we have already determined that appellant did not set forth a sufficient basis upon which the trial court was obliged to relieve him from the continuing effect of the April 23, 1996 injunction. Given this, we do not conclude that the trial court abused its discretion by denying appellant's Civ.R. 60(B) motion without first holding an evidentiary hearing.
Moreover, appellant attached an affidavit to the Civ.R. 60(B) motion in which he averred that Hazelwood had filed for bankruptcy in June 1998. It is apparent that the trial court took this factual assertion at face value before rendering its decision on the motion. Thus, we fail to see what additional evidence appellant would have presented at an evidentiary proceeding. Finally, a review of the record reveals that appellant never requested such a hearing, either in the Civ.R. 60(B) motion itself or otherwise. The third assignment is not well-taken.
At the end of their brief, appellees included a motion for attorney fees pursuant to App.R. 23. The motion was predicated on appellees' contention that the instant appeal was frivolous. Appellees, however, previously submitted a separate motion for attorney fees on December 24, 1998 in relation to this appeal. By judgment entry dated May 19, 1999, this court overruled the prior App.R. 23 motion for the reasons stated therein. Consequently, appellees' renewed motion for attorney fees is hereby overruled for the same reasons.
Based on the foregoing analysis, the assignments of error lack merit. Accordingly, the judgment of the trial court is affirmed.
 __________________________ JUDITH A. CHRISTLEY, JUDGE
FORD, P.J., O'NEILL, J., concur.
[1] Schaedlich brought suit in his capacity as the Concord Township Zoning Inspector.
[2] The facts giving rise to the instant litigation were described in more detail by this court in Concord I. As such, we have only given a brief encapsulation here.
[3] 11 U.S.C. § 362(b)(5) was deleted and combined with § 362(b)(4) in 1999. The scope of the exception remains largely unchanged.