DECISION
{¶ 1} Plaintiff-appellant, William R. Chitwood, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his action for declaratory judgment and a determination of damages against defendant-appellee, Zurich American Insurance Company ("Zurich American"), which has also filed a conditional cross appeal from the trial court's denial of its motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 2} This case is before us in a somewhat unusual posture due to an unorthodox procedural chronology before the trial court. Chitwood initiated the action with a complaint in declaratory judgment asserting that Zurich American had issued to Chitwood's employer, Pearle Vision, one or more motor vehicle insurance policies that included uninsured/underinsured motorist coverage. Chitwood was injured in an automobile accident in which an uninsured or underinsured motorist was at fault, and, pursuant to Scott-Ponzner v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, Chitwood was entitled to coverage under his employer's auto policies. The complaint does not allege that the accident occurred while Chitwood was in the course and scope of his employment, nor does any assertion to that effect appear subsequently in the record.
 {¶ 3} Zurich American failed to timely file an answer to the complaint and on August 7, 2003, Chitwood filed a motion for default judgment. The trial court entered default judgment on October 1, 2003, stating in the judgment entry that Chitwood was "entitled to compensation under the motor vehicle insurance policies, including uninsured/underinsured motorist coverage, issued by Defendant, Zurich American Insurance Company to Pearle Vision and in effect on December 11, 2002." Pursuant to this determination of the existence of coverage, the court referred the quantification of awardable damages to a subsequent hearing before a magistrate.
 {¶ 4} Zurich American filed a motion for relief from judgment on November 14, 2003, pursuant to Civ.R. 60(B), asserting excusable neglect as the basis for its failure to file an answer to the complaint. The motion also stated that a meritorious defense to the action existed due to the intervening decision of the Supreme Court of Ohio, rendered November 5, 2003, inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which fundamentally changed the law of uninsured motorist insurance in Ohio in cases such as the one at bar.
 {¶ 5} The trial court rendered a decision on February 11, 2004 denying Zurich American's Civ.R. 60(B) motion for relief from judgment on the basis that excusable neglect had not been shown. Despite this determination, however, the trial court proceeded to state that, due to the intervening decision inGalatis, no damages could be recovered under the insurance policy and the action must be dismissed, despite the prior express finding that coverage existed.
 {¶ 6} Chitwood has timely appealed and brings the following two assignments of error:
1. The trial court below erred to the prejudice of the plaintiff-appellant by dismissing his action, on its own motion, after awarding him a default judgment against the defendant-appellee.
2. The trial court below erred to the prejudice of the plaintiff-appellant by denying him a damages hearing, on its own motion, after awarding him a default judgment against the defendant-appellee.
 {¶ 7} Zurich American has filed a conditional cross appeal and brings the following sole assignment of error:
The trial court erred in denying Appellee's Motion to Vacate the Default Judgment rendered on September 30, 2003.
 {¶ 8} The crux of Chitwood's two assignments of error is that the trial court, once it had entered its decision finding that coverage existed under the policy, could not sua sponte rescind that decision, refuse to grant Chitwood his hearing to determine the amount of damages, and dismiss the action. Conversely, the essence of Zurich American's argument in opposition to Chitwood's assignments of error and in support of its own assignment of error is that the trial court either correctly held thatGalatis precluded an award of damages in the case even though a finding of coverage had previously been made by the court or, in the alternative, that the court should have granted Civ.R. 60(B) relief both on the basis of excusable neglect and on the basis that Galatis made the prior judgment unsustainable.
 {¶ 9} We find that most of the arguments raised by the parties on appeal, as well as the trial court decision itself, are based upon an incorrect characterization of the posture of the case. The trial court's grant of partial default judgment on liability issues in favor of Chitwood was not a final order pursuant to R.C. 2505.02 and Civ.R. 54(B). Matrka v. Stephens
(1991), 77 Ohio App.3d 518. A party may seek Civ.R. 60(B) relief only from a final judgment. Id., at 520, citing Jarrett v.Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78. Whether or not Zurich American had shown that the failure to answer was due to excusable neglect, the trial court's denial of Civ.R. 60(B) relief would accordingly have been appropriate. However, the trial court had another basis upon which to modify its prior determination that coverage existed. Chitwood is incorrect when he argues on appeal that a trial court is not free to sua sponte modify its judgment. This is true with respect to final judgments, Buckeye Gypsum, Inc. v. Martin (June 25, 1992), Franklin App. No. 91AP-1323, but not with respect to interlocutory orders entered pending issuance of a final judgment in the matter. A Civ.R. 60(B) motion for relief from such an interlocutory order will be properly taken by the trial court as a motion for reconsideration:
[W]e have determined that the September 12, 2001 decision [addressing only liability] was not a final judgment, and the two motions filed by appellant were not Civ.R. 60(B) motions. The September 12, 2001 decision was an interlocutory order because it did not determine damages. The two subsequent motions were motions for reconsideration of that interlocutory order. * * * Because interlocutory orders are not final and may be modified anytime before a final judgment is rendered, they are always subject to motions for reconsideration.
Buck-Durell Creative Dept., Inc. v. Imaging Power, Inc.,
Franklin App. No. 02AP-281, 2002-Ohio-5908, at ¶ 16. We are careful to specify in this regard, of course, that a distinction must be made between motions for reconsideration after a final judgment is entered, which are mere nullities and will not be entertained, and motions for reconsideration of interlocutory orders, which may be considered by the trial court. Pitts v.Dept. of Transportation (1981), 67 Ohio St. 2d 378, 379; Okeyv. Worthington City Schools (Aug. 10, 2000), Franklin App. No. 00AP-132.
 {¶ 10} Under the Supreme Court case law devolving fromScott-Ponzer, it was possible for an employee to receive uninsured motorist coverage under his employer's policy, even if the employee was injured in an automobile accident occurring outside the scope and course of employment. After Galatis, this is no longer the case. This court has found that Galatis must be given retrospective application. Adams v. Osterman, Franklin App. No. 03AP-547, 2004-Ohio-1412. Because Chitwood's complaint in the present matter does not assert that he was injured within the course and scope of his employment, the trial court properly found that, pursuant to Galatis, recovery was not possible under the policy and dismissed the action. While the trial court may have erred in phrasing this as unavailability of damages, rather than revisiting its prior decision finding that coverage existed, the outcome reached by the trial court in dismissing the action was fundamentally correct and will not be reversed upon appeal.
 {¶ 11} Based upon the foregoing, appellant Chitwood's first and second assignments of error are without merit and are overruled. Cross-appellant Zurich American's assignment of error, being conditional, need not be decided in light of the favorable outcome of the appeal. The judgment of the Franklin County Court of Common Pleas dismissing the action is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.