DECISION
{¶ 1} Defendant-appellant, Sidney T. Lewis, appeals from an order of the Franklin County Court of Common Pleas reactivating this case upon expiration of a bankruptcy stay. The notice of appeal reads as follows:
Now comes the Appellant/Defendant, Sidney T. Lewis, and hereby gives notice of appeal to the Tenth District Court of Appeals from the ORDER REACTIVATING CASE, Pursuant to the constitutionally delegated jurisdictional-authority under "THE UNITED STATES CONSTITUTION, ART. I., SECT. 8, CLAUSE 2. "POWERS TO BORROW MONEY ON CREDIT OF UNITED STATES", as mandated by U.S. Supreme Court's ruling in FREE VS. BLAND, 82 S.Ct. at 1092,[6]; 369 U.S. at 667,[6]; rendered on March 29, 2006, and filed by The Franklin County Common Pleas Court on March 30, 2006. A certified copy of said ORDER is attached hereto as Exhibit A, and marked thereon as Exhibit A.
 {¶ 2} The case in the trial court was stayed pursuant to a bankruptcy filing by appellant's wife. After reactivation in the trial court, this appeal was itself stayed pursuant to a bankruptcy filing by appellant. The stay on the appellate proceedings is hereby lifted.
 {¶ 3} With respect to appellant's appeal from the trial court's order reactivating the case after the original stay, we sua sponte find that the appeal must be dismissed.
 {¶ 4} An order by a trial court reactivating a case after expiration of a bankruptcy stay is not a final appealable order, because it does not affect a substantial right. Page v. Strong
(Nov. 25, 1998), Montgomery App. No. 17376. This appeal is accordingly sua sponte dismissed for lack of a final appealable order.
Appeal dismissed.
Petree and French, JJ., concur.