[Cite as *JPMorgan Chase Bank v. Hudson*, 2017-Ohio-337.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellee, | | **CASE NO. 2016-A-0049** |
| - vs - | : | |
| JUDITH E. HUDSON, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CV 0444.

Judgment:  Appeal dismissed.

*Paul M. Nalepka*, Reisenfeld & Associates, 3962 Red Bank Road, Cincinnati, OH 45227 (For Plaintiff-Appellee).

*David N. Patterson*, 33579 Euclid Avenue, Willoughby, OH  44094 (For Defendants-Appellants).

COLLEEN MARY O'TOOLE, J.

{¶1}   Appellants, Judith E. and William C. Hudson, appeal from the July 13, 2016 judgment of the Ashtabula County Court of Common Pleas overruling without a hearing their June 28, 2016 "Motion to Set Aside Judgment Entry Reactivating Matter and Orders of Sale and Request for Hearing," construed by the trial court as a Civ.R. 60(B) motion for relief from judgment.

**{¶2}** By way of background, on July 30, 2014, the trial court granted appellee's, JPMorgan Chase Bank, National Association, motion for summary judgment. On October 8, 2014, the trial court filed a decree in foreclosure.

**{¶3}** On November 4, 2014, appellants filed a notice of appeal with this court, Case No. 2014-A-0068. The trial court stayed its judgment pending the appeal. On April 20, 2015, this court affirmed the decree of foreclosure. *JPMorgan Chase Bank, N.A. v. Hudson*, 11th Dist. Ashtabula No. 2014-A-0068, 2015-Ohio-1490.

**{¶4}** On April 19, 2016, appellee filed a motion to reactivate the case which was granted by the trial court two days later. Orders of sale were filed on May 12 and 19, 2016. On June 16, 2016, an inventory and appraisal was filed. A notice of sheriff's sale was filed on June 27, 2016.

**{¶5}** The next day, appellants filed a "Motion to Set Aside Judgment Entry Reactivating Matter and Orders of Sale and Request for Hearing." Appellee filed an opposition on July 7, 2016.

**{¶6}** On July 13, 2016, the trial court overruled appellants' motion without a hearing. On August 1, 2016, the property was sold to appellee for $50,000. On August 11, 2016, appellants filed the instant appeal, Case No. 2016-A-0049.

**{¶7}** On October 6, 2016, appellee filed a motion to dismiss the appeal for lack of jurisdiction. Specifically, appellee contends that appellants' motion to set aside is not a final appealable order. Appellee indicates the determination of whether the denial of appellants' motion to set aside is a final appealable order depends on whether the original orders they requested the trial court to set aside are also final appealable orders. Appellee states that appellants' motion to set aside first requested the court to

set aside the entry reactivating the case entered on April 21, 2016, which reactivated the matter following the conclusion of the appeal in *Hudson*, 2015-Ohio-1490. Appellee claims the entry reactivating the case was not a final appealable order under R.C. 2505.02 because it does not affect any substantial right or determine the action. Regarding the certain orders of sale, appellee stresses no sale had taken place or had been confirmed when appellants filed their motion. Appellee asserts that this court does not have jurisdiction over the denial of appellants' motion to set aside these interlocutory orders.

{¶8} On October 11, 2016, five days after appellee filed its motion to dismiss, the trial court issued a judgment entry confirming the sale.

{¶9} On October 24, 2016, appellants filed a brief in opposition to appellee's motion to dismiss. Appellants assert that the trial court's July 13, 2016 judgment overruling without a hearing their motion to set aside, construed as a Civ.R. 60(B) motion, is a final appealable order. Appellants note the issuance of the trial court's confirmation of sale on October 11, 2016. Appellants maintain that the journalization of the July 13, 2016 judgment entry against them clearly affects their substantial rights and, therefore, is a final order. Appellants further maintain that Ohio courts of appeal have jurisdiction to consider denials of motions to vacate because they may still be entitled to restitution and/or damages even though the property is sold.

{¶10} It is well settled that a court of appeals may only entertain appeals from final judgments or orders. *J.P. Morgan Mortg. Acquisition Corp. v. Medvec*, 11th Dist. Geauga No. 2009-G-2915, 2009-Ohio-6706, ¶4. According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can review a judgment of a trial court only if

it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a trial court's order is not final, then an appellate court does not have jurisdiction to review the matter and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999).

{¶11} R.C. 2505.02, "Final order," states in part:

{¶12} "(A) As used in this section:

{¶13} "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

{¶14} "* * *

{¶15} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶16} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"

{¶17} "Generally, a decision denying a motion for relief from judgment under Civ.R. 60(B) is a final order. However, this rule presumes that the underlying order which has been challenged by the movant's Civ.R. 60(B) motion is, itself, a final appealable order. *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, at ¶7." *Bell v. Bell*, 11th Dist. Portage No. 2016-P-0005, 2016-Ohio-4601, ¶4.

4

**{¶18}** Civ.R. 60(B) only allows the trial court to relieve a party from a *final* order or judgment. *Pine Ave. Commerce Park, Inc. v. Jarvis*, 11th Dist. Trumbull No. 2001-T-0143, 2002-Ohio-6699, ¶13; *Harter v. Wadsworth-Rittman Hosp.*, 64 Ohio App.3d 26, 30 (9th Dist.1989), *appeal dismissed* at 47 Ohio St.3d 715. A judgment granting or denying a motion to vacate an earlier judgment that was not a final order is likewise not a final order. *Lee v. Joseph Horne Co., Inc.*, 99 Ohio App.3d 319, 323 (8th Dist.1995); *Matrka v. Stephens*, 77 Ohio App.3d 518, 521-522 (10th Dist.1991).

**{¶19}** In this case, appellants' motion to set aside first requested the court to set aside the entry reactivating the case, entered on April 21, 2016, which reactivated the matter after the conclusion of the appeal in *Hudson*, 2015-Ohio-1490. However, the entry reactivating the case was not a final appealable order under R.C. 2505.02 as it does not affect any substantial right or determine the action. The trial court proceeding was stayed for purposes of the appeal which was resolved by the time the court reactivated the matter. This did not determine the action. Rather, this permitted the process for the sale granted by the original decree in foreclosure to begin. *See, e.g., Huntington Natl. Bank v. Lewis*, 10th Dist. Franklin No. 06AP-320, 2006-Ohio-5749, ¶4 ("An order by a trial court reactivating a case after expiration of a * * * stay is not a final appealable order, because it does not affect a substantial right.") Thus, this court does not have jurisdiction over the denial of appellants' motion to set aside that entry.

**{¶20}** In addition, appellants also requested the trial court to set aside certain orders of sale, dated May 12 and 19, 2016. Although the confirmation of a sale is a final appealable order, *see, e.g., CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, no sale or confirmation had taken place in this case when appellants filed

5

their motion on June 28, 2016.  Again, the property was not sold until August 1, 2016.  The confirmation of sale was not filed until October 11, 2016, two months after appellants filed their notice of appeal from the July 13, 2016 judgment entry overruling their motion to set aside.

{¶21}  Further, we note that appellants already appealed the final judgment and decree in foreclosure in *Hudson*, 2015-Ohio-1490.  In affirming the trial court's judgment, this court held that appellee was entitled to a sale of the property.  In their motion to set aside, appellants essentially requested the trial court to cancel the upcoming sale.  However, "until the order of confirmation is filed, the sale and the process leading up to the sale are not final and can be changed by the court." *Bank One, N.A., v. DWT Realty, Inc.,* 7th Dist. Mahoning No. 04 MA 206, 2006-Ohio-7271, ¶43.  Thus, the orders challenged in appellants' motion to set aside were not final and appealable under R.C. 2505.02.

{¶22}  Appellee's motion to dismiss is granted and this appeal is dismissed for lack of jurisdiction.  In addition, we note that appellants' brief was due to be filed by October 11, 2016.  To date, appellants have not filed their appellate brief.  Therefore, this appeal is also dismissed due to appellants' failure to prosecute.

{¶23}  Appeal dismissed.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

6