[Cite as *U.S. Bank Natl. Assn. v. Campbell*, 2024-Ohio-1774.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as successor by merger to Firstar Bank, National Association, | : | APPEAL NO. C-230366 |
| | : | TRIAL NO. A-1703036 |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| vs. | : | |
| BARCLAY CAMPBELL, a.k.a. C. BARCLAY CAMPBELL, | : | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| DONNA H. CAMPBELL, et al., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: May 10, 2024

*Manley Deas Kochalski LLC* and *Matthew J. Richardson*, for Plaintiff-Appellee,

*Barclay Campbell*, pro se.

**CROUSE, Judge.**

{¶1}   This appeal concerns a foreclosure action filed by plaintiff-appellee U.S. Bank National Association ("U.S. Bank") against defendant-appellant Barclay Campbell. U.S. Bank's foreclosure action has been delayed by Campbell's bankruptcy filings. After U.S. Bank attempted to resume the case after the resolution of Campbell's bankruptcy proceedings, Campbell filed this appeal from the trial court's orders restoring the case to the active docket and denying Campbell's motion to set aside the court's entry on U.S. Bank's motion for summary judgment. For the following reasons, we dismiss the appeal for lack of a final, appealable order.

{¶2}   U.S. Bank filed its foreclosure action against Campbell and his wife in 2017.[1] The magistrate entered a decision on summary judgment in favor of the bank in March 2018. Campbell filed objections to the magistrate's decision. The trial court overruled Campbell's objections and adopted the magistrate's decision in May 2018. Campbell appealed the court's judgment, and this court dismissed the appeal for lack of a final, appealable order.

{¶3}   Subsequent proceedings in this case were interrupted by the automatic stays when Campbell filed for bankruptcy in 2018, 2019, and 2022. *See* 11 U.S.C. 362(a). U.S. Bank filed a motion to reinstate the case to the active docket in September 2022. Campbell objected, but the court restored the case to the active docket and resumed proceedings. In response, Campbell filed this appeal.

{¶4}   As an appellate court, we are constrained to review only the "judgments or final orders" of lower courts. *255 Fifth St. Holdings LLC v. Chemed Sislin, LLC*, 1st

---

[1] In its complaint, U.S. Bank named Barclay Campbell, Donna H. Campbell (individually and as trustee), and the Ohio Department of Taxation as defendants. However, Barclay Campbell is the only defendant participating in this appeal.

Dist. Hamilton No. C-200083, 2020-Ohio-5248, ¶ 4, quoting *B&J Elec. Co. v. Cincinnati*, 2020-Ohio-3869, 156 N.E.3d 974, ¶ 7 (1st Dist.). Where the lower court has not entered a judgment or final order that is a proper subject of appeal, this court lacks subject-matter jurisdiction, and the appeal must be dismissed. *Alexander v. LJF Mgt.*, 1st Dist. Hamilton No. C-090091, 2010-Ohio-2763, ¶ 16.

{¶5} In his first assignment of error, Campbell argues that the trial court erred in granting U.S. Bank's motion to reinstate this case to the trial court's active docket based on the doctrine of laches. However, an order reactivating a case following a stay is not a final, appealable order under R.C. 2505.02 because "it does not affect a substantial right or determine the action." *JPMorgan Chase Bank, Natl. Assn. v. Hudson*, 11th Dist. Ashtabula No. 2016-A-0049, 2017-Ohio-337, ¶ 19; *Huntington Natl. Bank v. Lewis*, 10th Dist. Franklin No. 06AP-320, 2006-Ohio-5749, ¶ 4. Accordingly, this court has no jurisdiction to consider Campbell's first assignment of error. *See JPMorgan Chase Bank* at ¶ 19.

{¶6} In his second assignment of error, Campbell argues that the trial court erred by denying his Civ.R. 60(B) motion to set aside the court's May 2, 2018 entry denying his objections to the magistrate's decision. U.S. Bank argues that the appeal should be dismissed for lack of a final, appealable order. We agree. Although a trial court's decision on a Civ.R. 60(B) motion is ordinarily a final order subject to appeal, "the denial of a motion to vacate an entry that was not a final order is not a final, appealable order." *Hillgrove v. Hillgrove*, 1st Dist. Hamilton No. C-220150, 2023-Ohio-198, ¶ 8.

{¶7} We previously determined that the court's May 2, 2018 entry was not a final order when we dismissed Campbell's previous appeal. *U.S. Bank Natl. Assn. v.*

3

*Campbell*, 1st Dist. Hamilton No. C-180303 (Nov. 20, 2019). To provide clarity for the parties, we explain now what we did not explain in our 2019 dismissal of Campbell's previous appeal.

**{¶8}** Under Civ.R. 53(D)(4), "[a] magistrate's decision remains interlocutory until a trial court (1) rules on any objections, (2) adopts, modifies, or rejects the magistrate's decision, and (3) enters a judgment that determines all the claims for relief." *255 Fifth St. Holdings*, 1st Dist. Hamilton No. C-200083, 2020-Ohio-5248, at ¶ 5. To satisfy the third requirement, the trial court's entry must "clearly and finally dispose[] of the dispute between the parties." *Millies v. Millies*, 47 Ohio St.2d 43, 44, 350 N.E.2d 675 (1976), fn. 2. In order for an appellate court to exercise appellate jurisdiction over the matter, the judgment entry must contain "a statement of the relief to which the parties are entitled" and must be "definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case." *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216 and 219, 736 N.E.2d 101 (9th Dist.2000). *See Alexander*, 1st Dist. Hamilton No. C-090091, 2010-Ohio-2763, at ¶ 13 (applying *Harkai*); *255 Fifth St. Holdings* at ¶ 5 (applying *Alexander*).

**{¶9}** The trial court's May 2, 2018 entry overrules Campbell's objections and adopts the magistrate's decision. However, that entry does not enter a judgment containing "a statement of the relief to which the parties are entitled," nor is the entry "definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case." *See Harkai* at 216 and 219. As a result, the trial court's May 2, 2018 entry is not a final order which

may be appealed.[2]

{¶10}   Because Campbell's Civ.R. 60(B) motion did not seek to set aside a final order, the trial court's decision on Campbell's motion is not a final, appealable order. We therefore lack jurisdiction to consider Campbell's second assignment of error.

{¶11}   Because there is no final, appealable order in this case, this appeal must be and is dismissed.

Appeal dismissed.

**BERGERON, P.J.**, and **KINSLEY, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

---

[2] Although U.S. Bank has argued in this appeal that the May 2, 2018 entry is not a final order, the record shows that U.S. Bank has repeatedly filed praecipes with the clerk of courts requesting an order of sale, attaching the May 2, 2018 entry as a final judgment of foreclosure. As U.S. Bank has pointed out in this case, and we have now reiterated, we determined in the prior appeal that the May 2, 2018 entry is not a final order.